## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CELLULAR HOSPITAL PR, INC. <br> GLOBAL TRENDING INC. <br><br> Plaintiff <br><br> v. <br><br> TOTAL QUALITY LOGISTICS, LLC, <br> GABS TRUCKING INC., <br> COMPANY ABC, <br> JOHN DOE, <br> INSURANCE XYZ, <br><br> Defendants | Civil No. 3:24-cv-01302 <br><br><br> Cause of action: Property damage and others |

### COMPLAINT

COMES NOW Plaintiff CELLULAR HOSPITAL PR, INC. and GLOBAL TRENDING INC. (hereinafter, "Cellular", and "Global", respectively or "Plaintiff"), by and through its undersigned counsel, and very respectfully ALLEGES, STATES, AND PRAYS:

### I. INTRODUCTION

1. Plaintiff brings this action for damages resulting from the loss of merchandise during interstate transportation, asserting claims of breach of contract, negligence, misrepresentation, failure to disclose necessary information, and liability for property damages against Defendants Total Quality Logistics, LLC ("TQL") and Gabs Trucking Inc. ("Gabs").

### II. PARTIES

2. Plaintiff, Cellular and Global, are corporations organized and existing under the laws of Puerto Rico, with its principal place of business in San Juan, Puerto Rico. Plaintiff is represented by the undersigned firm, Leonor Law Offices, LLC, with the following contact information: 3247 Calle La Cruz, Local B, Ponce, PR 00717, (787) 913-9000, Kenneth.Leonor@LeonorLaw.com.

3. Defendant, Total Quality Logistics, LLC, is a limited liability company organized and existing under the laws of Ohio, with its principal place of business in Cincinnati, Ohio.

4. Defendant, Gabs Trucking Inc., is a corporation organized and existing under the laws of California, with its principal place of business in Temple City, California.

5. Defendants, COMPANY ABC, JOHN DOE, and INSURANCE XYZ, are currently unidentified entities and individuals whose identities and roles in the events giving rise to this action will be established through discovery.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Puerto Rico. Specifically, the business transaction for the purchase of the merchandise was executed in Puerto Rico on behalf of the Plaintiff, and the final intended delivery location was Puerto Rico.

## IV. FACTUAL BACKGROUND

8. On or about June 30, 2023, Mr. Jumil Caban on behalf of the Plaintiff purchased merchandise valued at $192,500.00 from Nature's Generator, with the intention of shipping the merchandise to Puerto Rico.

9. From Puerto Rico, the Plaintiff engaged Whoops Transport, Inc. (Whoops Transport) to handle the shipping arrangements, which included transporting the merchandise from Nature's Generator's location in Oxnard, California to Whoops Transport's warehouse in Jacksonville, Florida, before final shipment to Puerto Rico.

10. Whoops Transport subcontracted Total Quality Logistics, LLC to manage the transport from Oxnard, California to Jacksonville, Florida. TQL subsequently engaged Gabs Trucking Inc. to perform the actual transportation.

11. TQL assured Whoops Transport that the cargo was loaded and in transit, with an expected delivery date of July 3, 2023. TQL confirmed the delivery schedule on July 1, 2023.

12. On July 3, 2023, the truck provided by Gabs Trucking Inc. failed to appear for the scheduled delivery appointment. Subsequent attempts to contact the driver were unsuccessful.

13. TQL communicated that Gabs Trucking Inc.'s dispatcher reported the trailer was in Monroe, Louisiana. TQL recommended filing a claim on July 6, 2023.

14. Plaintiff has suffered losses amounting to $192,500.00 for the merchandise and additional damages valued at $60,000.00.

15. Plaintiff contacted Gab's and it's insurance provided and they claim TQL never booked them for the transportation of the merchandise.

16. The property has not been recovered, leading to the presumption that the merchandise was stolen. Consequently, for the purposes of this claim, the term "Property Damage" encompasses both loss and theft of goods.

## V. CLAIMS FOR RELIEF

### Count I: Breach of Contract (against TQL)

17. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

18. By being contracted by Whoops, TQL breach the duty to ensure the safe and timely transportation of Cellular's cargo.

19. TQL breached this contract by failing to ensure the delivery of the cargo as agreed.

20. As a direct and proximate result of TQL's breach, Plaintiff has suffered damages in the amount of $192,500.00 for the lost goods and $60,000.00 for additional damages.

### Count II: Negligence (against TQL)

21. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

22. TQL owed a duty of care to Plaintiff to ensure the safe transportation of its cargo.

23. TQL breached this duty by failing to ensure the delivery of the cargo.

24. As a direct and proximate result of TQL's negligence, Plaintiff has suffered damages in the amount of $192,500.00 for the lost goods and $60,000.00 for additional damages.

### Count III: Misrepresentation (against TQL)

25.  Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

26.  TQL provided false and misleading information regarding the status and location of the cargo.

27.  Plaintiff relied on these representations to its detriment.

28.  As a direct and proximate result of TQL's misrepresentation, Plaintiff has suffered damages in the amount of $192,500.00 for the lost goods and $60,000.00 for additional damages.

**Count IV: Failure to Disclose Necessary Information (against TQL)**

29.  Defendants failed to request and provide necessary paperwork from the third-party carrier and failed to disclose important information regarding the third-party carrier's liability insurance.

30.  This failure hindered Plaintiff's ability to locate and hold the third-party carrier accountable for the loss of the cargo.

31.  As a direct and proximate result of TQL's failure to disclose, Plaintiff has suffered damages in the amount of $192,500.00 for the lost goods and $60,000.00 for additional damages.

**Count V: Liability for Property Damage (against Gabs Trucking Inc.)**

32.  Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

33.  Gabs Trucking Inc. is liable for the full actual loss or injury to the property they transported.

34.  Gabs Trucking Inc. failed to deliver the merchandise as required.

35.  As a direct and proximate result of Gabs Trucking Inc.'s failure to deliver the goods, Plaintiff has suffered damages in the amount of $192,500.00 for the lost goods and $60,000.00 for additional damages.

**Count V: Liability for Property Damage (against all defendant's including COMPANY ABC, JOHN DOE, INSURANCE XYZ )**

36.  Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

37. The defendant's are responsible collectively for failure to deliver the merchandise as required.

38. As a direct and proximate result of the failure to deliver the merchandise, Plaintiff has suffered damages in the amount of $192,500.00 for the lost goods and $60,000.00 for additional damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For damages in the amount of $192,500.00 for the lost goods;

2. For additional damages in the amount of $60,000.00;

3. For pre-judgment and post-judgment interest;

4. For costs and attorneys' fees;

5. Issue an order of attachment against any funds held in the defendants bank accounts in any bank or financial institution within Puerto Rico or the United Stated to secure satisfaction of the potential judgment, as provided in Rule 64 of the Fed R. Civ. P.;

6. For such other and further relief as the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

In Ponce, Puerto Rico, this 1 day of July 2024.

Leonor Law Offices, LLC
Attorney for Plaintiff
#3247 Calle Cruz, Local B
Ponce, PR 00717
(O) (787) 913-9000

s/Kenneth Leonor
Kenneth Leonor
USDC-PR No. 307611
Kenneth.Leonor@leonorlaw.com