IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CELLPHONE HOSPITAL PR, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TOTAL QUALITY LOGISTICS, LLC, et al.,<br><br>Defendants. | CIVIL NO. 24-1302 (CVR) |

**OPINION AND ORDER**

The present case stems from a shipment of merchandise gone awry.  Plaintiffs Cellular Hospital, PR, Inc. and Global Trending Inc. ("Plaintiffs") purchased a series of electric generators in Oxnard, California to be shipped to Puerto Rico.  Plaintiffs hired Whoops Transport, Inc. ("Whoops Transport") to handle the shipping arrangements, which included transporting the merchandise from California to Whoops Transport's warehouse in Jacksonville, Florida, to then be shipped to Puerto Rico.  Whoops Transport subcontracted Total Quality Logistics, LLC ("TQL") to manage the transport from California to Florida.  TQL subsequently engaged Gabs Trucking, Inc., ("Gabs Trucking") to perform the actual transportation service.  Gabs Trucking ultimately failed to deliver the merchandise.

Plaintiffs filed the present suit against TQL and Gabs Trucking alleging they suffered losses amounting to $192,500.00 for the lost merchandise and "other damages" valued at $60,000.00.  Plaintiffs filed this case in diversity for breach of contract, negligence, misrepresentation, and failure to disclose necessary information against TQL. (Docket No. 1, Counts I- IV).  They also alleged property damage liability in Count V

Case 3:24-cv-01302-CVR   Document 26   Filed 12/18/24   Page 2 of 4

Cellphone Hospital PR, Inc., et al. v. Total Quality Logistics, LLC, et al.
Opinion and Order
Civil 24-1302 (CVR)
Page 2
_____

against Gabs Trucking, and in a separate, repeated Count V, property damage liability against "all defendant's (sic) including COMPANY ABC, JOHN DOE, INSURANCE XYZ". (Docket No. 1, Count V (repeated), ¶¶ 36-38).

Before the Court now is Defendant TQL's "Motion to Dismiss" where it avers that Plaintiffs' claims against it must be dismissed because the Carmack Amendment to the Interstate Commerce Act,[1] which governs liability of carriers in interstate transport, bars the claims against it. (Docket No. 20). TQL argues that the Carmack Amendment applies to carriers and excludes brokers from liability. As TQL's role was as a broker and not a carrier in the transaction object of this case, all claims against it should be dismissed with prejudice. Plaintiffs failed to file any opposition to TQL's motion, so it stands unopposed. (Docket Nos. 22 and 24).

The Carmack Amendment "provides shippers with the statutory right to recover for actual losses or injuries to their property caused by carriers involved in the shipment." York v. Day Transfer Co., 525 F.Supp.2d 289, 297 (D.R.I. 2007); Gordon v. United Van Lines, Inc., 130 F.3d 282, 285-86 (7th Cir. 1997). The Carmack Amendment, with few exceptions not applicable here,[2] "provide[s] the exclusive cause of action for loss or damage to goods arriving from the interstate transportation of those goods by a common carrier." York, 525 F.Supp.2d at 298 (quoting Harris v. Crown Moving, Civil No. 07-126 (JLQ), 2007 WL 1724299 at *2 (E.D. Wash. June 14, 2007)); Rini v. United Van Lines, Inc., 104 F.3d 502 (1st Cir. 1997).

---

[1] 49 U.S.C. § 14706.
[2] See York, 525 F.Supp.2d at 299 (indicating that to avoid preemption, a party must allege conduct on the part of the carrier that is independent from the shipping and transportation of goods at issue).

As correctly argued by TQL, the Carmack Amendment only applies to carriers and freight forwarders and does not apply to brokers. [3] 49 U.S.C. § 13102(3). Since brokers are not subject to liability under said statute, those claims against TQL cannot lie. 49 U.S.C. § 13102(2); AIOI Ins. Co. v. Timely Integrated, Inc., No. 08-1479 (TPG), 2009 WL 2474072 at *2 (S.D.N.Y. Aug. 12, 2009); Richwell Grp., Inc. v. Seneca Logistics Grp., LLC, Civil No. 17-11442 (IT), 2018 WL 988060, at *2 (D. Mass. Feb. 20, 2018).

However, most of Plaintiffs' claims against TQL were under state law for breach of contract, negligence, misrepresentation, and failure to disclose information. The property damage liability claim under the Carmack Amendment (Count V) was alleged against Gabs Trucking. In a separate (but repeated) Count V, property damage liability was again alleged against several unknown parties, and although unclear, seems to include TQL as it was made against "all defendant's" (sic). The Court reads the pleadings liberally and, taking the allegations as true, understands that the claim under the Carmack Amendment for property damage has been brought against all Defendants and the state law claims only against TQL.

Unfortunately for TQL, several courts have held that brokers may be held liable under state tort or contract law in connection with shipments. See Intercargo Ins. Co. v. Burlington N. Santa Fe R.R., 185 F.Supp.2d 1103, 1113-15 (C.D.Ca. 2001) (exercising supplemental jurisdiction over the state law claims asserted against non-carriers); Prof. Communications, Inc. v. Cont. Freighters, Inc., 171 F.Supp.2d 546, 551-52 (D. Md. 2001)

---

[3] A "carrier" refers to a "motor carrier, a water carrier, and a freight forwarder." A "broker" is defined as "a person, other than a motor carrier ... that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation." 49 U.S.C. § 13102(2) and (3). According to the Complaint, TQL acted as a broker because they were contracted to "manage" the transportation and in turn, hired Gabs Trucking "to perform the actual transportation." (Docket No. 1, ¶10).

Case 3:24-cv-01302-CVR   Document 26   Filed 12/18/24   Page 4 of 4

Cellphone Hospital PR, Inc., et al. v. Total Quality Logistics, LLC, et al.
Opinion and Order
Civil 24-1302 (CVR)
Page 4
_____

(applying Florida and Maryland negligence law to a broker); Indep. Mach., Inc. v. Kuehne & Nagel, Inc., 867 F.Supp. 752, 762 (N.D. Ill. 1994) (applying state law to party that was neither a carrier nor a freight forwarder); Adelman v. Hub City Los Angeles Terminal, Inc., 856 F.Supp. 1544, 1548-49 (N.D. Ala. 1994) (same).

Nonetheless, the Court has not found any relevant authority dealing with the specific facts presented in this case, to wit, whether a broker can be subject to liability under Puerto Rico law. TQL's argument focuses solely on the Carmack Amendment and offers nothing in support of dismissal on other grounds, specifically how Puerto Rico law may or may not apply to the other claims raised against it.

For the above reasons, TQL's Motion to Dismiss (Docket No. 20) is GRANTED. Accordingly, the claim brought against TQL for liability for property damage under the under the Carmack Amendment is DISMISSED WITH PREJUDICE.[4]

**TQL is granted until January 13, 2025 to answer the Complaint.**

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 18th day of December 2024.

          S/CAMILLE L. VELEZ-RIVE
          CAMILLE L. VELEZ-RIVE
          UNITED STATES DISTRICT JUDGE

---

[4] The state claims against TQL for breach of contract, negligence, misrepresentation, and failure to disclose information remain alive. TQL may revisit these issues at the summary judgment stage, with a more fully developed record and after appropriate briefing.