IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ***CELLULAR HOSPITAL, INC.;*** <br> ***GLOBAL TRENDING, INC.*** <br><br> *Plaintiffs,* <br><br> *v.* <br><br> ***TOTAL QUALITY LOGISTICS, LLC;*** <br> ***GABS TRUCKING INC.; ET ALS.*** <br><br> *Defendants.* | **CIVIL NO. 24-cv-1302 (CVR)** <br><br><br> *Cause of action: Property damage and others* |

**<u>ANSWER TO COMPLAINT</u>**

**TO THE HONORABLE COURT:**

**COMES NOW**, **Total Quality Logistics** ("TQL"), through the undersigned attorney, in response to each of the specific allegations in the Complaint, respectfully sets forth its answers and defenses, paragraph, as follows:

    **I.    INTRODUCTION**

1. Paragraph one (1) of the Complaint is denied since it constitutes a conclusion of law that does not require a responsive pleading. If required, TQL affirmatively alleges that Plaintiff's liability for property damage claim against TQL has been dismissed by the Court and that all remaining causes of action are preempted by federal law.

    **II.    PARTIES**

2. Paragraph two (2) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

3. Paragraph three (3) of the Complaint is admitted.

1

4. Paragraph four (4) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

5. Paragraph five (5) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

### III.   JURISDICTION AND AVENUE

6. Paragraph six (6) of the Complaint is a conclusion of law which does not require a responsive pleading. In the alternative, it is denied as drafted.

7. Paragraph seven (7) of the Complaint is a conclusion of law which does not require a responsive pleading. In the alternative, it is denied as drafted.

### IV.   FACTUAL BACKGROUND

8. Paragraph eight (8) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

9. Paragraph nine (9) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

10. Paragraph ten (10) of the Complaint is denied, as drafted.  It is admitted that TQL was retained exclusively as a broker for the transport of goods subject of the Complaint.

11. Paragraph eleven (11) of the Complaint is denied, as drafted.  It is admitted that TQL was retained exclusively as a broker for the transport of goods subject of the Complaint and performed its duties in accordance with its obligations as broker.

12. Paragraph twelve (12) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

13. Paragraph thirteen (13) of the Complaint is denied, as drafted.  It is admitted that TQL was retained exclusively as a broker for the transport of goods subject of the Complaint and

performed its duties in accordance with its obligations as broker.

14. Paragraph fourteen (14) of the Complaint of the Complaint contains legal averments and requests for relief, and thus, no responsive pleading is required. In the alternative, it is denied as drafted.

15. Paragraph fifteen (15) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

16. Paragraph sixteen (16) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted. If required, TQL affirmatively alleges that Plaintiff's liability for property damage claim against TQL has been dismissed by the Court and that all remaining causes of action are preempted by federal law.

V.     **CLAIMS FOR RELIEF**

**Count I: Breach of Contract (against TQL)**

17. Paragraph seventeen (17) of the Complaint is denied to the extent that it incorporated the preceding allegations.

18. Paragraph eighteen (18) of the Complaint is denied. TQL affirmatively alleges that it did not breach its contractual obligations with Whoops Transport, Inc., and that at all times relevant to the facts alleged to the Complaint, it never had a contractual relationship with Plaintiff.

19. Paragraph nineteen (19) of the Complaint of the Complaint is denied. TQL affirmatively alleges that it did not breach its contractual obligations with Whoops Transport, Inc., and that at all times relevant to the facts alleged to the Complaint, it never had a contractual relationship with Plaintiff.

20. Paragraph twenty (20) of the Complaint contains legal averments and requests for

relief, and thus, no responsive pleading is required. In the alternative, it is denied as drafted.

**Count II: Negligence (against TQL)**

21. Paragraph twenty-one (21) of the Complaint of the Complaint is denied to the extent that it incorporated the preceding allegations.

22. Paragraph twenty-two (22) of the Complaint is denied. TQL affirmatively alleges that, at all times material to the facts alleged in the Complaint, it did not have a contractual relationship with Plaintiff.

23. Paragraph twenty-three (23) of the Complaint of the Complaint is denied. TQL affirmatively alleges that, at all times material to the facts alleged in the Complaint, it did not have a contractual relationship with Plaintiff.

24. Paragraph twenty-four (24) of the Complaint of the Complaint contains legal averments and requests for relief, and thus, no responsive pleading is required. In the alternative, it is denied, as drafted.

**Count III: Misrepresentation (against TQL)**

25. Paragraph twenty-five (25) of the Complaint of the Complaint is denied to the extent that it incorporated the preceding allegations.

26. Paragraph twenty-six (26) of the Complaint is denied. TQL affirmatively alleges that at all times relevant to the facts alleged to the Complaint it never had a contractual relationship with Plaintiff.

27. Paragraph twenty-seven (27) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

28. Paragraph twenty-eight (28) of the Complaint of the Complaint contains legal averments and requests for relief, and thus, no responsive pleading is required. In the

alternative, it is denied as drafted.

**Count IV: Failure to Disclose Necessary Information (against TQL)**

29. Paragraph twenty-nine (29) of the Complaint of the Complaint is denied. TQL affirmatively alleges that, at all times relevant to the facts alleged to the Complaint, it never had a contractual relationship with Plaintiff.

30. Paragraph thirty (30) of the Complaint is denied for lack of knowledge or information sufficient to form a belief about the truth of the matters therein asserted.

31. Paragraph thirty-one (31) contains legal averments and requests for relief, and thus, no responsive pleading is required. In the alternative, it is denied as drafted.

**Count V: Liability for Property Damage (against Gabs Trucking Inc.)**

32. Paragraph thirty-two (32) of the Complaint is not directed at TQL, and thus, no responsive pleading is required.

33. Paragraph thirty-three (33) of the Complaint is not directed at TQL, and thus, no responsive pleading is required.

34. Paragraph thirty-four (34) of the Complaint is not directed at TQL, and thus, no responsive pleading is required.

35. Paragraph thirty-five (35) of the Complaint is not directed at TQL, and thus, no responsive pleading is required.

**Count V (sic): Liability for Property Damage (against all defendants including COMPANY ABC, JOHN DOE, INSURANCE XYZ)**

36. Paragraph thirty-six (36) of the Complaint is denied to the extent that it incorporated the preceding allegations.

37. Paragraph thirty-seven (37) of the Complaint is not directed at TQL, and thus, no

responsive pleading is required.

38. Paragraph thirty-eight (38) of the Complaint contains legal averments and requests for relief, and thus, no responsive pleading is required. In the alternative, it is denied as drafted.

## VI. PRAYER FOR RELIEF

1. Paragraphs one (1) to six (6) contain legal averments and requests for relief, and thus, no responsive pleading is required. In the alternative, they are denied as drafted.

## AFFIRMATIVE DEFENSES

TQL incorporates herein all affirmative defenses previously stated and raised in its *Motion to Dismiss*. TQL also reserves the right to amend the instant *Answer to the Complaint* pursuant to any findings during discovery and will file a Third-Party Complaint against all parties who may be directly liable to Plaintiff.

2. The Complaint fails to state a claim upon which relief can be granted against TQL and in favor of Plaintiff.

3. Plaintiff's claims against TQL are preempted by federal law, specifically the Carmack Amendment.

4. There are no contractual relationships between TQL and Plaintiff.

5. TQL does not owe a duty of care to Plaintiff.

6. TQL does not owe a duty of information to Plaintiff.

7. TQL complied with its contractual obligations.

8. There is no causal relation between the damages claimed by Plaintiff and TQL's alleged action and/omission.

9. *Res judicata.*

10. At all times material to the facts alleged in the Complaint, TQL acted in good

6

faith and in conformity its legal obligations.

11. At no time material to the facts alleged in the Complaint did TQL exceed its legal obligations.

12. Plaintiff has failed to join and serve indispensable parties without which a complete remedy can be obtained.

13. TQL does not have any liability towards Plaintiff under the facts alleged in the Complaint.

14. Plaintiff has failed to exhaust administrative remedies.

15. Plaintiff's claims are time barred.

16. Plaintiff is estopped from prosecuting this action.

17. Plaintiff is precluded from asserting any claims by the doctrine of unclean hands.

18. Plaintiff seeks to unjustly enrich itself.

19. Plaintiff has failed to mitigate damages.

20. Plaintiff is acting in bad faith.

21. Equitable estoppel.

22. TQL reserves the right to add or withdraw affirmative defenses or denials, including the right to file such additional defenses, counterclaims, cross-claims and/or third-party complaints as they may be discovered or identified as a result of further proceedings in the case.

**WHEREFORE**, TQL respectfully requests that this Honorable Court dismiss the Complaint with the imposition to plaintiff of costs and attorney's fees.

**CERTIFICATE OF SERVICE**: I hereby certify that on this same date I

7

electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all those who in this case have registered for receipt of notice by electronic mail, and by regular mail to debtor(s) address of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 17th day of February 2025.

/s/**EYCK O. LUGO**
Eyck O. Lugo
USDC-PR No.: 216708
E-MAIL: *elugo@edgelegal.com*


/S/**ADRIANA M. VEGA HERNÁNDEZ**
Adriana M. Vega Hernández
USDC PR No. 305113
E-MAIL: *avh@edgelegal.com*


**EDGE LEGAL, LLC**
252 Ave. Ponce de León
Citibank Tower, 12th Floor
San Juan, P.R. 00918
Tel: 787-522-2000
Fax: 787-522-2010